NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013
Decided July 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3409

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-CR-47-BBC-01 |
| DAVID MENDOZA-GUZMAN, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

David Mendoza-Guzman, a Mexican citizen, pleaded guilty to unauthorized presence after removal, see 8 U.S.C. § 1326(a). He came to the attention of federal authorities in 2012 after a traffic stop in Wisconsin escalated to convictions for disorderly conduct and resisting a police officer. His immigration offense carried a possible 20-year prison term because Mendoza-Guzman previously had been removed from the United States following his conviction and 2-year prison term for possession of heroin with intent to sell, see *id.* § 1326(b)(2). The district court calculated a guidelines imprisonment range of 70 to 87 months based on a total offense level of 21—which includes a 16-level increase because of the heroin conviction, see U.S.S.G. § 2L1.2(b)(1)(A)—and a criminal-history category of V. The court sentenced him to 57 months.

Mendoza-Guzman has filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Mendoza-Guzman has not accepted our invitation to respond to counsel's submission. See CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Mendoza-Guzman has told counsel that he does not want his guilty plea set aside, so counsel properly omits from her *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel tells us that she reviewed the district court's guidelines calculations but did not find even a potential claim to discuss. That leaves as a possible ground for appeal only the reasonableness of the prison term. That term is below the guidelines range and thus presumptively reasonable, see *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012), and counsel offers no reason to disturb that presumption. Moreover, the district court adequately assessed the factors in 18 U.S.C. § 3553(a), including Mendoza-Guzman's difficult upbringing, extensive criminal history, and prior unlawful entries into the United States. The court reasonably concluded that the term it chose, which was below the guidelines range, is appropriate to reflect the seriousness of the offense and to promote respect for the law while achieving parity with the sentences of similarly situated offenders.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.